**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Curtis BLACKWELL, Defendant–
Appellant.**

**No. 00–3827.**

United States Court of Appeals,
Sixth Circuit.

Aug. 9, 2001.

Before CLAY and GILMAN, Circuit Judges; WISEMAN, District Judge.*

Curtis Blackwell, a pro se federal prisoner, appeals a district court order dismissing his motion to join his co-defendant's petition for a writ of error coram nobis filed pursuant to 28 U.S.C. § 1651. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On October 16, 1992, Blackwell and his co-defendant, Billy Frank Richard, Sr., were convicted by a jury-of conspiracy to distribute cocaine in violation of 21 U.S.C. § 846. Both were sentenced to 160

---

* The Honorable Thomas A. Wiseman, Jr., United States District Judge for the Middle District of Tennessee, sitting by designation.

months in prison and 5 years of supervised release. This court affirmed their convictions and sentences on direct appeal, *United States v. Blackwell*, Nos. 93–3068/3069, 16 F.3d 1221, 1994 WL 6809 (6th Cir. Jan.10, 1994) (unpublished), and each man has subsequently sought post-conviction relief. In 1997, Blackwell filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence, which was dismissed by the district court. This court declined to issue a certificate of appealability on March 18, 1999.

In his own series of attempts at post-conviction relief, Richard filed a petition for a writ of error coram nobis in May 1998, asserting that he had been sentenced "for a charge [he] was never indicted on." The district court found that Richard's claim was not cognizable under § 1651 and dismissed the petition on April 30, 1999. This court affirmed the district court's order on June 19, 2000. *United States v. Richard*, No. 99–3619, 221 F.3d 1337, 2000 WL 875369 (6th Cir. June 19, 2000) (unpublished). Meanwhile, on May 30, 2000, Blackwell filed his instant motion to join Richard's coram nobis petition, and the district court denied the joinder motion as moot in a marginal order on June 9, 2000.

In his timely appeal, Blackwell argues that he should be resentenced in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), *Jones v. United States*, 526 U.S. 227, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999), and *United States v. Rebmann*, 226 F.3d 521 (6th Cir. 2000). Blackwell moves for pauper status on appeal.

■ As an initial matter, we decline to consider Blackwell's arguments on appeal which were not first raised in the district court. Unless exceptional circumstances are present, the court normally will not address an issue not first raised in the district court. *Enertech Elec., Inc. v. Mahoning County Comm'rs*, 85 F.3d 257, 261 (6th Cir.1996). No exceptional circumstances exist in this case.

■ Upon review, we conclude that the district court did not abuse its discretion by denying Blackwell's motion to join. The district court lacked jurisdiction to consider the merits of Blackwell's motion because Richard previously had filed a notice of appeal from the denial of his coram nobis petition. The filing of a notice of appeal divests the district court of jurisdiction to act in matters involving the merits of the appeal. *Fort Gratiot Sanitary Landfill, Inc. v. Michigan Dep't of Natural Res.*, 71 F.3d 1197, 1203 (6th Cir.1995).

Accordingly, Blackwell's motion for pauper status is granted for the limited purposes of this appeal, and the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.